UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BUON VINO MANUFACTURING, INC, | ) |
| | )    CASE NO.  1:21-cv-2268 |
| Plaintiff/Counterclaim-defendant, | ) |
| | )    JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) |
| | ) |
| LUKAS OSTROWSKI, | )    **OPINION AND ORDER** |
| | ) |
| Defendant/Counterclaimant. | ) |

Before the Court is Plaintiff Buon Vino Manufacturing, Inc.'s Motion to Dismiss Defendant Lukas Ostrowski's Counterclaim.  (Doc. No. 19.)  Defendant opposed the Motion (Doc. No. 23.)  For the reasons stated below, Plaintiff's Motion to Dismiss is DENIED.

I. **Factual Allegations in Support of the Counterclaim**

The following facts are presumed true for purposes of evaluating the Motion.

Lukas Ostrowski is "in the business of lawfully acquiring and reselling products for a profit, including profits for wine making."  (Doc. No. 21, Counterclaim ¶ 6.)  Pursuant to a contractual relationship with Amazon, Ostrowski operated an online storefront named "UBREW USA" on Amazon's e-commerce platform.  (*Id*. ¶¶ 6, 9.)  Some items he resold were branded products he purchased from Plaintiff.  (*Id*. ¶ 8.)  Ostrowski put significant time and effort to creating the platform and developing the platform's online reputation.  (*Id*. ¶¶ 11-12.)  "A significant portion of Ostrowski 's business is derived from the sale of products on Amazon through [the] UBREW USA storefront."  (*Id*. ¶ 10.)  Any harm to Ostrowski's relationship with Amazon would potentially cause serious and irreparable harm to Ostrowski.  (*Id*. ¶ 13.)

Plaintiff was aware and understood that the products it sold to Ostrowski would be resold by Ostrowski on Amazon. (*Id.* ¶ 20.) Ostrowski's reselling of Buon Vino products was consistent with the first sale doctrine. (*Id.* ¶¶ 18-21.) Ostrowski only sold Buon Vino branded products he purchased from Buon Vino directly. (*Id.* ¶ 28.)

Notwithstanding, Plaintiff submitted numerous complaints to Amazon. These complaints involve false allegations of intellectual property infringement. (*Id.* ¶¶ 14-15.) The complaints were submitted "to prevent Ostrowski from selling genuine BUON VINO products on Amazon." (*Id.* ¶ 15.) The purpose for doing so "was to damage Ostrowski's reputation and goodwill such that Amazon would suspend or terminate its relationship with Ostrowski." (*Id.* ¶ 16.) Buon Vino submitted approximately 10 false complaints to Amazon. (*Id.* ¶ 24.) Upon receipt, Amazon would remove the product from its online platform, which would prevent Ostrowski from selling that product. (*Id.* ¶ 25.) Buon Vino acted intentionally and to eliminate competition. (*Id.* ¶ 30.) Defendant suffered damaged as a result. (*Id.* ¶ 31.)

## II. Law and Analysis

### A. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, the pleading must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Iqbal*, 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 556).

"When determining whether [plaintiff's] complaint meets this standard 'we accept as true its factual allegations and draw all reasonable inferences in his favor, but we disregard any legal conclusions.'" *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) (quoting *Rudd v. City of Norton Shores*, 977 F.3d 503, 511 (6th Cir. 2020)). The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "The plausibility of an inference depends on a host of considerations, including common sense . . . .'" *Ryan*, 979 F.3d at 524 (quoting *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013)).

### B. Sufficiency of Allegations for Tortious Interference with Business Relationships

"The elements of a tortious interference with business relationship claim are (1) a business relationship; (2) the wrongdoer's knowledge thereof, (3) an intentional interference causing a breach or termination of the relationship, and (4) damages resulting therefrom." *Harris v. Bornhorst*, 513 F.3d 503, 523 (6th Cir. 2008) (citing *McConnell v. Hunt Sports Enters.*, 752 N.E.2d 1193, 1216 (Ohio Ct. App. 10th Dist. 1999)).

Buon Vino asserts that Ostrowski's counterclaim does not sufficiently plead intent or proximate cause. It argues that the absence of details like dates, specific products, ASINs[1], or details from the complaints shows that Ostrowski's counterclaim is "threadbare." (Doc. 19 at PageID 193.) Buon Vino's assertion overlooks several counterclaim allegations, including among other things, an estimated number of false complaints (10); the purpose for doing so

---

[1] "ASINs" refers to Amazon Standard Identification Numbers. *See Fuse Chicken LLC v. Amazon.com, Inc.*, No. 5:17-CV-1538, 2018 WL 2766163, at *1 (N.D. Ohio June 8, 2018).

(impermissibly eliminate competition in the market place); Buon Vino's knowledge that Amazon would remove the products after Buon Vino complained; the effect said complaints had on Ostrowski's business (the immediate removal of items from his online platform and the immediate suspension of his ability to resell products); and the identity of the Buon Vino representative who submitted the false complaints (Anthony Tudisco, Vice President).  (*See* Doc. No. 21, Counterclaim at ¶¶ 23-26, 30.)

A claim need only give a defendant "fair notice" of the "grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see also Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). Here, the counterclaim addresses complaints about Ostrowski written and submitted to Amazon *by Buon Vino and its employees or agents*.  (*Id.* ¶¶ 21-22.)  The number and content of such complaints is within the knowledge or reach of Buon Vino.

That more information exists and could have been alleged is not the test, and it certainly does not render well-pleaded allegations insufficient.  A complaint should contain "a short plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(a)(1).  Having reviewed the Counterclaim's, some of which are summarized above, the Court finds that those allegations comply with Federal Rule of Civil Procedure 8(a).

    **C. Buon Vino's Other Challenges to the Counterclaim are Beyond the Scope of the Rule 12(b)(6) Motion**

Buon Vino argues that, in addition to the "threadbare nature of the Complaint itself," the Counterclaim must be dismissed pursuant to Rule 12(b)(6) because:

> Ostrowski's alleged damages were caused by Ostrowski himself; Amazon's independent investigation is an intervening cause which relieves Plaintiff's of liability; and Ostrowski has not pled facts sufficient to establish that Plaintiff's predominant purpose in reporting infringement to Amazon was to injure Ostrowski.

(Doc. 19. at PageID 193.)

Rule 12(b)(6) tests the sufficiency of the pleading.  Fed. R. Civ. P. 12(b)(6). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Whether Ostrowski caused harm to himself is a discoverable matter that may be raised in a separate dispositive motion.  *See* Fed. R. Civ. P. 56.  The same can be said about the "intervening cause" of Amazon's investigation.  No information about Amazon's investigation has been presented to the Court.  And this is not a Rule 12(c) motion, so Buon Vino's own answers and defenses are not reviewed.  Buon Vino's argument goes to the *provability* of Ostrowski's claims.  But its motion, by rule, only permits a review of the counterclaim to determine whether it plausibly states a claim for relief.

Buon Vino's final point, as stated above, is more akin to a Rule 56 challenge.  It would ignore the pled allegations and obtain a dismissal on a discoverable point: Buon Vino's intent.  The Counterclaim alleges that Buon Vino's purpose was to remove competition by eliminating Ostrowski's efforts to resell Buon Vino branded products.  This, when coupled with the allegations that Buon Vino was aware – at the time of and before its sales to Ostrowski – that his business involved reselling Buon Vino products via his BREW USA platform with Amazon, is sufficient.  That Buon Vino may prove

otherwise through affidavit or discovery is not for the Court's consideration at this stage in the litigation.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Dismiss Defendant's Counterclaim is DENIED.

**IT IS SO ORDERED.**

Date: April 25, 2023

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE